UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JASON ELLSAYED, individually and on behalf of                    Docket No.:15-CV-4506
all others similarly situated,

                              Plaintiff,                         **CLASS/COLLECTIVE**
                                                                 **ACTION COMPLAINT**

          -against-

SAYVILLE TOWN HOUSE, INC., d/b/a
MORICHES BAY DINER, GEORGE NIKOLOPOULOS,
and SPIRO NIKOLOPOULOS,
                              Defendants.
----------------------------------------------------------------------X

       Plaintiff JASON ELLSAYED ("Plaintiff and/or "Ellsayed"), on behalf of himself and all

others similarly situated (Exhibit 1), by and through his attorneys, FIRESTONE & BREUD,

P.L.L.C., complaining of the defendants, alleges as follows as for his complaint:

                                    **INTRODUCTION**

       1.      Plaintiff brings this action to recover unpaid wages, unpaid overtime wages,

liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements

promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal

Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to,

Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders

promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-

146; and the common law of the State of New York.

                              **JURISDICTION AND VENUE**

       2.      This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§

1331 and 1337 as Plaintiffs claims arise under the laws of the United States.  This Court also has

supplemental jurisdiction over Plaintiffs state law claim, which arose out of the same case or controversy as Plaintiffs federal claim, pursuant to 28 U.S.C. § 1367.

3.      Defendants do business in the State of New York, within the Eastern District of New York, maintaining a principal place of business at 62 Montauk Highway, Moriches, New York 11955.

4.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff, JASON ELLSAYED, is a domiciliary of the County of Suffolk, State of New York, residing in Ronkonkoma.

6.      At all times relevant to the complaint, plaintiff was an "employee" within the meaning of the FLSA and NYLL.

7.      From on or about December 6, 2014 until on or about December 27, 2014 Plaintiff was employed by Defendants as a cook.

8.      At all relevant times, defendant, SAYVILLE TOWN HOUSE, LLC, (hereinafter referred to as the "Corporate Defendant"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

9.      At all relevant times the Corporate Defendant was doing business as the Moriches Bay Diner ("Diner").

10.      At all relevant times, the Corporate Defendant's principal place of business was and still is at 62 Montauk Highway, Moriches, New York.

11.      At all relevant times, the Corporate Defendant was and still is engaged in the

2

business of providing alimentation to its customers at the Diner.

12.     At all relevant times, the activities of the Corporate Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s), whose annual volume of sales or business done is not less than $500,000; the activities of which affect interstate commerce.

13.     At all relevant times, the Corporate Defendant was and still is an "employer" within the meaning of the FLSA and the NYLL.

14.     At all relevant times, the Corporate Defendant employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of the FLSA.

15.     Defendants George Nikolopoulos ("G. Nikolopoulos") and Spiro Nikolopoulos ("S. Nikolopoulos") are the co-owners of the Corporate Defendant (hereinafter "Individual Defendants").

16.     Upon information and belief, the Individual Defendants are officers, directors, shareholders, managers, owners, agents and/or members of the Corporate Defendant.

17.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and as any of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law.

### Facts

18.     Plaintiff was an employee of the Corporate Defendant and Individual Defendants, working under their direct supervision.

19.     On or about December 6, 2014 Plaintiff was hired by the Corporate Defendant as a Cook and worked at the Diner at 62 Montauk Highway, Moriches, New York.

20.     Upon information and belief, the Corporate Defendant has been serving their customers since 1980.

21.     The Corporate Defendant's Cooks, including Plaintiff, routinely worked over forty hours in a given week without receiving premium overtime compensation for those hours.

22.     Plaintiff's responsibilities as a Cook included, but were not limited to, food preparation and cooking, plating and expediting the food for the Diner's wait staff, and cleaning the Diner's kitchen.

23.     At the time Plaintiff was hired to work as a Cook by S. Nikolopoulos, he was promised an hourly rate of pay of $14.50 per hour, to be paid weekly.

24.     Plaintiff worked six days per week during his employment at the Diner, with his four weekday shifts beginning at 4:00 p.m. and lasting until on or about 11:00 p.m.

25.     Plaintiff's weekend shifts typically began at 4:00 p.m. and lasted until between 1:00 and 1:30 a.m.

26.     Plaintiff would begin his daily shift by "clocking in" with a swipe of a timecard that was given to him, and he would end his daily shift by swiping his timecard to "clock out."

27.     However, S. Nikolopoulos and a manager known to Plaintiff only as "Albano" would override or otherwise alter the times that Plaintiff clocked in at the beginning of his shift or clocked out at the end of his shift.

28.     As a result of the alteration of Plaintiff's clock-in and clock-out times, Plaintiff was not paid for every hour that he actually worked at the Diner.

4

29.     For instance, for the pay period ending December 14, 2014 Plaintiff's paystub only compensated Plaintiff for working 28 hours, when he actually worked 48 hours that week. In fact, three days that Plaintiff worked that week totaling 20 hours were completely omitted from the paystub for that pay period.

30.     In addition, Plaintiff was only compensated at a rate of $11.00 per hour and not the $14.50 per hour rate he was promised when he was hired and meal deductions were taken from the Plaintiff's pay even though Plaintiff did not actually take a meal.

31.     After receiving the paystub and realizing that he was not paid for every hour that he worked, or compensated at the proper hourly rate, Plaintiff complained to S. Nikolopoulos that he was not paid for all of the hours he worked that week and that he was not paid the proper hourly rate of pay of $14.50 per hour.

32.     In response, S. Nikolopoulos promised to correct the number of hours and hourly rate by paying the Plaintiff in cash, however, the Plaintiff refused the cash payment and demanded that the correction be paid through normal payroll practices, to which S. Nikolopoulos agreed.  S. Nikolopolous never did rectify the deficiencies of that pay period.

33.     Upon information and belief, the Defendants paid the other cooks at the Diner in cash, at their regular rate of pay, for hours in excess of forty hours they worked in a given workweek.

34.     When Plaintiff received his paystub for his second week of work at the Diner, the pay period ending December 21, 2104, he discovered that although his hourly rate of pay was properly adjusted to $14.50 per hour, he again was not paid for every hour that he worked, and that he even though he was recorded having worked 45.75 hours that week, or 5.75 hours in

excess of 40 hours, he was not paid the proper overtime premium hourly rate of pay of time and a half, or $21.75 per hour, for each hour in excess of 40 hours that he actually worked that week.

35.     In addition, the Corporate Defendant again deducted from Plaintiff's pay for meals that the Plaintiff had not actually taken.

36.     While working at the Diner on December 27, 2014, Plaintiff sustained a leg injury which resulted in Plaintiff filing a claim for Workers' Compensation, and has not worked for the Corporate Defendant since.

37.     At the time of the Plaintiff's separation of employment at the Diner, the Plaintiff had worked 31 hours which should have been paid to him on December 31, 2014.

38.     Plaintiff repeatedly attempted contacting S. Nikolopoulos and "Albano" to obtain his final paycheck, and despite the fact that it was due and payable December 31, 2014, Plaintiff did not receive his final paycheck until on or about January 21, 2015.

### *Corporate Defendant and Individual Defendants are Joint Employers*

39.     The Individual Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

40.     At all relevant times herein, upon information and belief, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendant.

41.     At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and/or signing or issuing checks to the Plaintiff and by virtue of their positions with the Corporate Defendant have been

responsible for the proper management and handling of the payroll and payroll calculations for the Corporate Defendant.

42.  At all relevant times, the Individual Defendants had operational control of Plaintiffs employment by virtue of their financial control over the Corporate Defendants and therefore Plaintiffs wages, and because they hired and fired managerial employees who supervised Plaintiffs employment.

43.  Based on their interactions with Plaintiff, Defendants G. Nikolopoulos and S. Nikolopoulos were co-owners of the Corporate Defendant and Plaintiff understood them to be "decision makers" with respect to the Corporate Defendant.

44.  In addition, Defendants G. Nikolopoulos and S. Nikolopoulos hold themselves out to be, respectively, the co-owners of the Corporate Defendant and had ultimate decision-making authority with regards to all aspects of Plaintiff's employment.

45.  The Corporate Defendant and Individual Defendants share common ownership, operate out of the same location and use the same employees.  Particularly, Corporate Defendant and the Individual Defendants share a common principal place of business: 62 Montauk Highway, Moriches, New York.

46.  At all times herein, the Individual Defendants have conducted business as the Corporate Defendant.

47.  At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendant, with the power and authority vested in them as officers, agents and employees of the Corporate Defendant, and have acted in the course and scope of their duties and functions as agents, employees and officers of the Corporate Defendant.

48.     At all relevant times, the Individual Defendants had operational control over the Corporate Defendant and Plaintiffs employment.

49.     Upon information and belief, the Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendant, have assumed personal liability for the claims of the Plaintiff herein.

50.     As a matter of economic reality, all Defendants are joint employers of Plaintiff and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

### The Corporate Defendant is the Alter Ego of the Individual Defendants

51.     Upon information and belief, the Corporate Defendant is controlled by the Individual Defendants, and upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and therefore, must be treated as a single enterprise.

52.     The Corporate Defendant and Individual Defendants share common ownership, operate out of the same location and use the same employees.  Particularly, Corporate Defendant and the Individual Defendants share a common principal place of business:  62 Montauk Highway, Moriches, New York.

53.     At all times herein, upon information and belief, Individual Defendants used Corporate Defendant in order to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

54.     In conducting the affairs of Corporate Defendant, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of the Corporate Defendants for personal use, and commingled their personal assets with the assets of Corporate Defendants.

55.     The Corporate Defendant is the alter ego of the Individual Defendants, and as will be established at trial, for the purpose of the claims made *by* Plaintiff herein, the Corporate Defendant has no separate legal existence from the Individual Defendants.

### *Defendants' Failure to Pay Proper Wages was Willful*

56.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at a higher overtime premium of 150% of their regular rate for each hour worked in excess of 40 and to make, keep and preserve proper payroll records.

57.     The Individual Defendants were aware of their requirement to *pay* Plaintiff for each hour worked and at a higher overtime premium of 150% of their regular rate for each hour worked in excess of 40 hours per week.

58.     As such, the various violations of the law which are alleged herein were committed intentionally and/or willfully by the Individual Defendants.

59.     Defendants have failed to take any steps to ascertain their duties with respect to the payment of wages to employees.

60.     Defendants willfully and intentionally refused to pay Plaintiff at an overtime rate for hours worked beyond 40 hours per week.

61.     Defendants engaged in the willful practice of consistently underpaying Plaintiff under relevant federal and state laws.

9

62.     As a result, the various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Corporate Defendant but did not receive the compensation required by the FLSA.

64.     Upon information and belief, this class of persons consists of not less than 100 persons.

65.     There are questions of law and fact common to the class specifically whether the employment of the Plaintiff and all others similarly situated by the Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the FLSA and whether these employees were exempt from overtime pay under the FLSA.  Only the amount of individual damages sustained by each class member will vary.

66.     Plaintiff and the Corporate Defendant's other employees are similarly situated insofar as the Corporate Defendant instituted a policy not to pay its employees proper regular and overtime wages under the FLSA.

67.     Plaintiff brings the fourth claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Corporate Defendant's violations under the FLSA.

## CLASS ALLEGATIONS FOR VIOLATIONS UNDER THE NYLL

68.     Plaintiff brings this action on behalf of himself and all other persons who were or

are employed by the Corporate Defendant but did not receive the compensation required by the New York Labor Law and the common law of the State of New York.

69.     Upon information and belief, this class of persons consists of not less than 100 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(l).

70.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiff and others similarly situated by the Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law and the common law of New York and whether Plaintiff and others similarly situated suffered from the Corporate Defendant's policy or plan not to pay proper regular wages and overtime wages. Only the amount of individual damages sustained by each class member will vary.

71.     The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Corporate Defendant.

72.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

73.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

74.     The Plaintiff brings the first, second, and third claims for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated

11

have against the Corporate Defendant as a result of the Corporate Defendant's violations under
the New York Labor Law and the common law of the States of New York.

## AS **AND FOR**
## A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST ALL DEFENDANTS

75.     Plaintiff repeats and realleges each and every allegation as previously set forth.

76.     Plaintiff agreed to perform work and services for Defendants, and, as part of their
agreements, Plaintiff and others similarly situated were entitled to receive pay for all hours
worked.

77.     Plaintiff and others similarly situated satisfactorily supplied labor in connection
with, and in furtherance of, the work required under their respective employment contracts with
Defendants, and in doing so, complied with the terms of their employment agreements with
Defendants and were therefore entitled to wages they rightfully earned while working for
Defendants.

78.     Defendants failed or refused to pay Plaintiff and others similarly situated the
wages to which they were entitled under their employment agreements with Defendants.

79.     Defendants' failure or refusal to pay the wages to which Plaintiff and others
similarly situated were entitled under their employment agreements with Defendants constituted
a breach of Plaintiff and others similarly situated employment agreements with Defendants.

80.     That by virtue of the foregoing breach of contract by Defendants, Plaintiff and
others similarly situated have been damaged in an amount to be proven at trial based upon an
accounting of the amount Plaintiff and all others similarly situated should have been paid as
contemplated by their employment agreements with Defendants, less amounts actually paid to

the Plaintiff and all others similarly situated together, with an award of interest, costs, disbursements, and attorneys' fees.

## AS AND FOR
## A SECOND CAUSE OF ACTION
## FAILURE TO PAY WAGES IN VIOLATION OF THE NYLL
## AGAINST ALL DEFENDANTS

81.     Plaintiff repeats and realleges each and every allegation previously made herein.

82.     Pursuant to the New York Labor Law Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under the N.Y. Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff and others similarly situated were entitled to certain overtime wages and other wages, all of which Defendants intentionally failed to pay in violation of such laws.

83.     Wherefore Plaintiff seek a judgment against the Defendants for all wages which should have been paid, but were not paid, failure to pay overtime wages and failure to pay his promised wage pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff and others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under the New York Labor Law § 198 and § 663.

## AS AND FOR
## A THIRD CAUSE OF ACTION
## QUANTUM MERUIT AGAINST ALL DEFENDANTS

84.     Plaintiff repeats and realleges each and every allegation previously set forth.

85.     Plaintiff and others similarly situated performed work and services for Defendants in good faith.

86.     Defendants, by employing Plaintiffs and all others similarly situated, voluntarily

accepted the above Plaintiff and others similarly situated services.

87.     Plaintiff and others similarly situated had a reasonable expectation of fair

payment for their labor, but Defendants failed to remunerate Plaintiff and others similarly

situated.

88.     Plaintiff and others similarly situated were entitled to fair payment equal to the

services they provided for Defendants at a rate which constitutes the reasonable value of their

services.

**AS AND FOR**
**A FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA**
**AGAINST ALL DEFENDANTS**

89.     Plaintiff repeats and realleges each and every allegation previously set forth

herein.

90.     Plaintiff brings this claim for relief on behalf of themselves and others similarly

situated pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and §207, Plaintiff

and others similarly situated were entitled to an overtime hourly wage of time and one-half their

regular hourly wage for all hours worked in excess of forty hours per week.

91.     Plaintiff and others similarly situated worked more than forty (40) hours per week

for Defendants, and Defendants willfully failed to make said wage and/or overtime payments.

92.     In addition, Plaintiff and others similarly situated worked more than forty hours

per week for the Defendants, and the Defendants willfully failed to make overtime payments.

Plaintiff seek a judgment for unpaid overtime wages, such sums to be determined based upon an

accounting of the hours worked by, and wages actually paid to, Plaintiff and others similarly

situated, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and

14

costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1.  An award of actual damages in an amount to be determined by a fair and impartial jury representing unpaid overtime wages owed by Defendants to Plaintiff in violation of the FLSA;

2.  An award of liquidated damages pursuant to the FLSA;

3.  An award of actual damages in an amount to be determined by a fair and impartial jury representing unpaid overtime wages owed by Defendants to Plaintiff in violation of the NYLL;

4.  An award of liquidated damages pursuant to the NYLL;

5.  An award of prejudgment interest at the maximum statutory rate;

6.  An award of reasonable attorneys' fees and costs pursuant to the FLSA and NYLL; and,

7.  For such other and further relief as the Court deems just, equitable and proper.

Dated: Commack, New York
    July 15, 2015

Firestone & Breud, P.L.L.C.

    /s/
By:   Albert Adam Breud, II (AB2355)
      356 Veterans Memorial Highway
      Suite 3
      Commack, New York 11725
      (631)543-3030, ex. 2
      breudlaw@optonline.net
      *Attorneys for Plaintiff*